# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAMON TORRES HERNANDEZ, et al.,<br><br>    Plaintiffs-Appellants,<br><br>v.<br><br>JULIE SU, ACTING SECRETARY OF LABOR, et al.,<br>    Defendants-Appellees. | No. 22-35913<br><br>DC # 1:20-CV-03241-TOR<br>Eastern District of Washington, Spokane<br><br>**PLAINTIFFS-APPELLANTS' MOTION TO DISMISS APPEAL AND FOR VACATUR OF ORDER ON APPEAL** |

## I. INTRODUCTION AND RELIEF SOUGHT

The Plaintiffs-Appellants, who are Washington fruit harvesters ("the Farmworkers"), sought a preliminary injunction to prohibit Defendant U.S. Department of Labor (DOL) from validating prevailing wages based on the Washington Employment Security Department's (ESD) 2021 prevailing wage survey.[1] The district court denied that relief and the Farmworkers filed this appeal. After the appeal was filed, and before DOL validated the 2021 results, ESD withdrew the 2021 survey results from consideration by DOL with plans to recalculate them, leading this court to hold the appeal in abeyance. Recently ESD

---

[1] DOL funds ESD to conduct prevailing wage surveys using DOL's methodology and report the results to DOL. The reported results of a survey do not go into effect unless and until DOL validates the results.

1

made the decision to abandon the 2021 survey results altogether rather than recalculate them. Since the 2021 survey has been abandoned, Plaintiffs preliminary injunction motion to enjoin validation of those non-existent results is now moot. Accordingly, the Farmworkers ask this Court to dismiss this appeal and to vacate the district court's order denying the requested injunction, E.D. Wash. ECF No. 137.[2] Vacatur of the order is appropriate because the order contains erroneous conclusions that Defendants are currently arguing have preclusive effect on the farmworkers claims.

In accordance with Circuit Rule 27-1, the Farmworkers inform the court that counsel for the U.S. Department of Labor Defendants has informed them that USDOL Defendants do not oppose the request for dismissal and vacatur, but that they will ask this Court to condition that vacatur on vacatur of other orders of the district court that are not on appeal here. The Farmworkers will oppose such a request.

## II. FACTS

The Farmworkers filed this Administrative Procedure Act case in 2020 to challenge the lawfulness of the methodology by which DOL determines prevailing wages for Washington fruit-harvest workers, pursuant to the agency's statutory mandate to protect local farmworkers' wages from adverse effect from the use of

---

[2] Attached as Exhibit A pursuant to Fed. R. App. P. 27(a)(2)(B)(iii).

2

imported workers. Then-district-court Judge Salvador Mendoza issued a preliminary injunction against the use of the prevailing wages that had been certified by DOL based on the 2019 Prevailing Wage Survey because they failed to protect the piece rates paid in most fruit harvest crops. E.D. Wash. ECF No. 57 at 33-34 (*Torres Hernandez v. Stewart*, No. 1:20-CV-03241-SMJ, 2021 WL 6274440, at *12 (E.D. Wash. Mar. 1, 2021). In December 2021, pursuant to the parties' join motion, Judge Mendoza modified the preliminary injunctive order to allow the results of the 2020 Survey to be validated and published by DOL. While the 2020 results did not address the Farmworkers' challenges to the lawfulness of the survey methodology, the parties asked the court to allow them to be evaluated by DOL for publication because the actual survey results were considerably more in line with the Farmworkers' assertions that harvest workers are overwhelmingly paid by the piece and the parties agreed it was preferable to allow DOL to certify prevailing wages based on the 2020 survey rather than continuing to use outdated 2018 survey results required by the original order. E.D. Wash. ECF No. 103 at 5-7. When the results of the 2021 Survey reported by ESD once again failed to protect local piece-rate wages, the Farmworkers sought preliminary relief to prevent DOL from validating those results. E.D. Wash. ECF No. 120. Judge Thomas Rice, who had been assigned to the case on Judge Mendoza's departure, denied that preliminary injunction on November 3, 2022, and the Farmworkers appealed to

3

this Court. E.D. Wash. ECF No. 138. Shortly thereafter, on November 14, 2022, new DOL regulations amending DOL's prevailing wage finding methodology became effective. 87 Fed. Reg. 61660.

Five days before the Farmworkers' brief was due in this Court, ESD withdrew the results of the 2021 Survey from DOL's consideration and indicated that it would recalculate the results using the methodology in DOL's new rules. Schmitt Decl. ¶ 3. Based on ESD's withdrawal of the 2021 Survey and its representation that the results would be re-released in January, the Ninth Circuit mediator assigned to the case administratively stayed the appeal until February 14, 2023. 9th Cir. ECF No. 6. When it appeared that deadline would pass without release of the recalculated survey results, the Ninth Circuit Mediator issued an administrative closure of the appeal until April 14, 2023. 9th Cir. ECF No. 7. On March 27, 2023 in a public meeting, ESD announced that it needed, but had not received, further guidance from DOL on the wage finding process under the new rule, and that it would submit new calculations to DOL after receiving such guidance. Schmitt Decl. ¶ 6. Accordingly, the mediator again extended the closure period to May 19, 2023. 9th Cir. ECF No. 8.

On May 10, 2023, ESD informed the Farmworkers that it had received a response from DOL on the correct way to implement the new regulations, but that because the data from the *2022* Survey was ready to be calculated, it would

4

abandon the 2021 survey results and instead calculate prevailing wages based on the 2022 survey results. Schmitt Decl. ¶ 5.

### III. LEGAL ARGUMENT

This Court should dismiss this appeal as moot. An interlocutory appeal of the denial of a preliminary injunction is moot when the Court can no longer grant the relief sought. *Akina v. Hawaii*, 835 F.3d 1003, 1010 (9th Cir. 2016). The order on appeal here deals solely with the request by the Farmworkers that the Court enjoin DOL from validating the prevailing wage findings reported by ESD in the 2021 Survey. ESD has now made clear that no such findings will ever be calculated, precluding their validation by DOL. Accordingly, granting the Farmworkers' requested relief is no longer possible.

In addition to dismissing the appeal as moot, this Court should also instruct the district court to vacate the underlying order denying the Farmworkers' motion to enjoin the 2021 survey results. The "normal rule" when an appeal is mooted "is that vacatur of the lower court decision is appropriate." *ACLU of Nevada v. Masto*, 670 F.3d 1046, 1065 (9th Cir. 2012) (*citing Camreta v. Greene*, 563 U.S. 692, 712, 131 S.Ct. 2020, 179 L.Ed.2d 1118 (2011)). Indeed, where, as here, mootness is caused by the "unilateral action of the party who prevailed below" vacatur is required. *Pub. Utilities Comm'n of State of Cal. v. FERC*, 100 F.3d 1451, 1461 (9th Cir. 1996) (remanding with instructions to vacate orders below). Vacatur is also

appropriate where mootness resulted from "happenstance" not attributable to the appellant. *Id.* The purpose of vacatur in these circumstances is to ensure that the party that has been prevented from obtaining appellate review is not "treated as if there had been a review" and that the decision below does not "spawn[] any legal consequences" and to "clear[] the path for future relitigation of the issues between the parties." *United States v. Munsingwear*, 340 U.S. 36 at 39 (1950) (*quoted in ACLU of Nevada*, 670 F.3d at 1065); *see also Kuahulu v. Emps. Ins. of Wausau,* 557 F.2d 1334, 1337 (9th Cir. 1977) ("[W]e vacate the orders of the district court in order to erase any precedential or preclusionary effect of those orders."). This is so because it is unfair to give preclusive effect to a decision, the appeal of which has been mooted through no act of the appellant. *In re Burrell*, 415 F.3d 994, 1000 (9th Cir. 2005) (dismissing for mootness and remanding with instruction to vacate underlying orders). While this Court has treated these rules as more flexible when dealing with preliminary injunction appeals, where, as here, the order on appeal has preclusive effect, the rule is the same.

This Court has as recently as February of this year vacated an underlying order denying a preliminary injunction when the appeal associated with it became moot. *Dunn v. Austin*, No. 22-15286, 2023 WL 2319316, at *1 (9th Cir. Feb. 27, 2023); *see also Arizona All. for Retired Americans v. Clean Elections USA*, No. 22-16689, 2023 WL 1097766, at *1 (9th Cir. Jan. 26, 2023).

6

Here, mootness was caused solely by Defendants' actions – i.e. the decision to recalculate the 2021 results using the methodology in the new DOL rule, delay related to the implementation of that decision, and ultimately the decision not to release any 2021 Survey findings at all.

While the district court's specific ruling denying the preliminary injunction against the 2021 Survey findings is no longer at issue, the preliminary injunction Order on appeal here contains key findings and conclusions that would have been contested by the Farmworkers on appeal, and that Defendants are already arguing have preclusive effect on the case going forward. On May 26, 2023, Defendant DOL filed a motion to dismiss Plaintiff's complaint in its entirety based on the assertion that the district court's preliminary injunction denial conclusively held that DOL had cured all of the methodological problems raised by Plaintiffs. *See* E.D. Wash. ECF No. 159 at 2, 15-16.  DOL's motion to dismiss also cites the order challenged in this appeal for the proposition that Judge Mendoza "did not order DOL to validate the employer survey with the worker survey moving forward." *Id.* at 8 (quoting E.D. Wash. ECF 137 at 6-7). The Farmworkers contend that Judge Mendoza found that Defendants *do* have a duty to verify the accuracy of survey responses, either through worker surveys or some other method, particularly where employer survey results are contradicted by worker survey responses, and they would have argued on appeal that Judge Rice's conclusion to the contrary was

7

erroneous. *See* E.D. Wash. ECF No. 57 at 24-25, 32. Regardless, nothing in the preliminary injunction motion called upon the district court to make a final merits determination about DOL's duty to verify employer responses to surveys.

In addition to these aspects of the preliminary injunction denial that Defendants are already trying to use with preclusive effect, there are other aspects of the Order that may pose serious problems for the Farmworkers going forward if they are not vacated. Among other things, the order on appeal erroneously concludes that the Farmworkers acquiesced in the Defendants' entire survey methodology by allowing the 2018 Survey results to be replaced by the 2020 Survey results in the court's modified injunctive order. E.D. Wash. ECF No. 137 at 6-7, 10. In fact, the Farmworkers agreed to the use of the newer 2020 results while the parties attempted to resolve the case, expressly noting that the order did not address plaintiffs concerns with the unreliability of the 2020 survey. E.D. Wash. ECF No. 100 at 7. In addition, the section of the court's order entitled "2. Employer Survey Methodology" seems to make a merits determination that DOL's arguments regarding sample size and decreased participation in the voluntary survey completely foreclose Plaintiffs' claims with respect to those matters. Those are conclusions that Plaintiffs would have challenged on appeal that they now cannot because of Defendants' actions mooting the appeal. These are precisely the

8

circumstances in which the court should vacate the underlying order and "clear the path for relitigation" of the unreviewable issues.

## IV. CONCLUSION

The Farmworkers ask this court to dismiss this appeal as moot and to direct the district court to vacate the order that is currently on appeal, E.D. Wash. ECF No.137.

## V. CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certify that this document complies with the word limit as set forth in Fed. R. App. P. 27(d)(2), and that it contains 1953 words.

RESPECTFULLY SUBMITTED this 30th day of May, 2023.

Attorney for Plaintiffs-Appellants

Attorney for Plaintiff-Appellant Familias Unidas por la Justicia

s/ Andrea Schmitt
Andrea Schmitt, WSBA # 39759
COLUMBIA LEGAL SERVICES
315 Holton Ave., Suite 201
Yakima, WA 98902
Phone: (509) 575-5593

s/ Kathleen Phair Barnard
Kathleen Phair Barnard, WSBA # 17896
BARNARD IGLITZIN & LAVITT LLP
18 West Mercer Street, Ste. 400
Seattle, WA 98119-3971
Phone: (206) 285-2828

9

# EXHIBIT A

1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                    EASTERN DISTRICT OF WASHINGTON

7    RAMON TORRES HERNANDEZ
     and FAMILIAS UNIDAS POR LA          NO. 1:20-CV-3241-TOR
8    JUSTICIA, AFL-CIO, a labor
     organization,                       ORDER DENYING PLAINTIFFS'
9                                         MOTION TO MODIFY
                          Plaintiffs,     PRELIMINARY INJUNCTION
10
11        v.

12   UNITED STATES DEPARTMENT
     OF LABOR, MARTIN J. WALSH, in
13   his official capacity as United States
     Secretary of Labor; WASHINGTON
14   STATE EMPLOYMENT
     SECRUITY DEPARTMENT, and
15   CAMI FEEK, in her official capacity
     as Commissioner,
16
                          Defendants.
17

18        BEFORE THE COURT is Amended Plaintiff's Motion to Modify

19   Preliminary Injunction (ECF No. 120).  This matter was submitted for

20   consideration with oral argument on October 19, 2022.  Andrea L. Schmitt,

11

     ORDER DENYING PLAINTIFFS' MOTION TO MODIFY PRELIMINARY
     INJUNCTION ~ 1

Hannah Woerner, and Joachim Morrison appeared on behalf of Plaintiffs. John T. Drake, Jonathan E. Pitel, and Marya E. Colignon appeared on behalf of Defendants. The Court has reviewed the record and files herein and is fully is fully informed. For the reasons discussed below, Plaintiff's Motion to Modify Preliminary Injunction (ECF No. 120) is **denied**.

## BACKGROUND

This case concerns the method in which the Department of Labor set prevailing wage rates for farmworkers in the H-2A temporary agricultural visa system. ECF No. 86. The procedural background is detailed in the Court's prior order granting in part Plaintiff's Revised Motion for Preliminary Injunction. *See* ECF No. 57.

On December 17, 2020, Plaintiffs filed the Complaint against Defendants. ECF No. 1. On January 4, 2021, Plaintiffs filed the First Amended Complaint alleging violations of the Administrative Procedures Act, 5 U.S.C. §§ 706(2)(A), (D). ECF No. 14 at 41-44, ¶¶ 144-159.

On March 1, 2021, the Court granted in part and denied in part Plaintiff's Revised Motion for Preliminary Injunction. ECF No. 57. Specifically, the Court ordered: "Defendants must **CHANGE** the prevailing wage rate for *all* Washington State harvest activities to the previous prevailing wage rate certified from the 2018 prevailing wage survey" and "Defendants must **CONDUCT** a prevailing wage

ORDER DENYING PLAINTIFFS' MOTION TO MODIFY PRELIMINARY INJUNCTION ~ 2

1    survey, within a reasonable time, that is not arbitrary and capricious, in order to

2    certify new – current—prevailing wage rates."  ECF No. 57 at 33-34, ¶¶ 3-4.  The

3    Court found the wage survey at issue arbitrary in capricious where it did not define

4    essential terms and was not validated through worker surveys or other means.  *Id.*

5    at 32.

6         On October 8, 2021, Plaintiff filed the operative Second Amended

7    Complaint.  ECF No. 86.

8         On December 1, 2021, the Court granted the parties Joint Motion for Stay of

9    Proceedings, staying all proceedings except for the parties' sealed Joint Motion for

10   Modified Order until June 2022.  ECF No. 101.

11        On December 7, 2021, the Court granted the parties' Joint Motion for Entry

12   of Modified Order, which ordered in relevant part: (1) "Defendant ESD shall

13   administer the 2021 survey with the language and procedures as outlined above.

14   ESD shall include a definition for the term 'hourly guarantee' with the survey in

15   the future if doing so is supported by survey best practices and USDOL guidance"

16   and (2) "Defendant USDOL will evaluate the 2020 prevailing wage survey results

17   using its normal validation process and will publish any validated PWRs

18   promptly."  ECF No. 103 at 6-7, ¶¶ 2-3.

19        On June 3, 2022, the Court granted the parties' extension of the stay until

20   November 30, 2022.  ECF No. 106.

13

ORDER DENYING PLAINTIFFS' MOTION TO MODIFY PRELIMINARY
INJUNCTION ~ 3

On September 23, 2022, Plaintiffs filed the present Motions to Amend the Preliminary Injunction. ECF Nos. 111, 120. Plaintiffs seek to enjoin the 2021 Employer Survey on the same basis the Court enjoined the 2019 Employer Survey results. *See id.* The parties timely filed their respective responses and reply. ECF Nos. 121, 122, 124. Washington State Tree Fruit Association filed an amicus brief with the Court's permission. ECF No. 134.

## DISCUSSION

### I. Legal Standard

The legal standards for preliminary injunctions and the Administrative Procedure Act are detailed in the Court's prior preliminary injunction and are hereby incorporated into this Order. ECF No. 57 at 8-11.

### II. Stay

As an initial matter, DOL asserts Plaintiffs have not shown good cause to lift the stay. ECF No. 121 at 19-20. In the parties' most recent Joint Status Report, Plaintiffs "reserve[d] the right" to request an emergency modification of the preliminary injunction as to the 2021 survey results. ECF No. 105 at 3, n. 1. As the survey results at issue have the potential to go into effect November 2022, the Court finds good cause to hear the motion.

### III. Injunction Type

Plaintiffs assert they seek a prohibitory injunction "to order DOL to continue

ORDER DENYING PLAINTIFFS' MOTION TO MODIFY PRELIMINARY INJUNCTION ~ 4

1    to use the prevailing wages derived from the 2020 Survey – the prevailing wages

2    that are currently in effect – until their claims can be adjudicated." ECF No. 124 at

3    5. Defendants assert Plaintiffs seek a mandatory injunction based on the Court's

4    prior order. ECF No. 121 at 18.

5         The Court found Plaintiffs' request to revert to the 2018 Survey was "like" a

6    prohibitory injunction, but the Court found Plaintiffs' request to order Defendants

7    to amend the 2020 Survey and to resurvey any results already collected sought a

8    mandatory injunction on the grounds that it would require much time and expense.

9    ECF No. 57 at 14. Unlike the previous injunction, the present motion does not

10   seek affirmative conduct such as amending the survey or resurveying. The Court

11   will treat the current motion as a prohibitory injunction as the relief sought is the

12   maintenance of the *status quo* under the 2020 survey results. In any event, the

13   finding is not dispositive where Plaintiff fails to show an injunction is warranted

14   under the lower standard.

15        **A. Likelihood of Success on the Merits**

16        Plaintiffs assert they are likely to succeed on the merits of their claims on the

17   grounds that: (1) DOL has acted arbitrarily by not validating the accuracy of

18   employer survey responses based on the prior injunction, (2) DOL's survey

19   methodology is irrational, (3) DOL's prevailing wage policies as applied to

20   Washington harvest work are contrary to law, (4) DOL's failure to set prevailing

15

ORDER DENYING PLAINTIFFS' MOTION TO MODIFY PRELIMINARY
INJUNCTION ~ 5

1  piece rates affects local wages and working conditions contrary to federal law, and

2  (5) DOL's failure to set prevailing piece rates affects local wages and local

3  working condition.  ECF No. 120 at 19-28.

4       To obtain injunctive relief, Plaintiff must show that there are "serious

5  questions going to the merits" of its claims or that it is likely to succeed on the

6  merits.  *Cottrell*, 632 F.3d at 1131; *Farris*, 677 F.3d at 865.

7       *1.  Survey Validation*

8       Plaintiffs assert that they are likely to succeed on the merits of the claim that

9  DOL acted arbitrarily in not validating the accuracy of the 2021 employer survey

10 with the 2021 worker survey.  ECF No. 120 at 19-21.  Plaintiffs also argue the

11 results of each survey creates an "obvious contradiction" that "suggests a

12 fundamental problem with the survey methodology."  *Id.* at 20.  DOL asserts there

13 is no inconsistency among the surveys, the worker survey is inherently unreliable,

14 and the prior injunction did not require it to validate employer responses through a

15 worker survey.  ECF No. 121 at 25-31.  ESD asserts the employer survey does not

16 need to be validated by another source in order to be accurate, Plaintiff did not

17 object to the lack of validation for the 2020 survey, and the surveys do not have

18 similar data points to compare.  ECF No. 122 at 14-22.

19      The Court ordered Defendants to conduct a survey that is not arbitrary and

20 capricious but did not order specific actions Defendants take to ensure that result.

16

ORDER DENYING PLAINTIFFS' MOTION TO MODIFY PRELIMINARY
INJUNCTION ~ 6

ECF No. 57 at 34, ¶ 4.  Relevant here, the Court did not order DOL to validate the employer survey with the worker survey moving forward.  *Id.*  The following year, the parties and Court accepted the 2020 survey results without independent verification by an outside source such as a worker survey.  ECF No. 122-1 at 7, ¶ 15.

Unlike the previous injunction, the 2021 surveys do not create a "stark contrast" that calls into question the legitimacy of the pending wage results.  ECF No. 57 at 23.  The 2021 employer survey reported all 5 cherry harvesting activities were paid piece rate and the 2 apple harvesting activities were paid hourly.  ECF No. 11-2 at 10 (Figure 3).  The 2021 worker survey reported that all ten cherry and apple harvesting activities reported were paid piece-rate.  *Id.* at 13 (Figure 7).  The only overlapping harvest activity (Cripps Pink apple) differed to the extent that 15% of workers reported being paid piece rate for this activity.  *See id.*

Plaintiffs acknowledge employers at times pay workers by the hour to harvest specialty apple varieties.  ECF Nos. 116 at 2, ¶ 5, 117 at 2, ¶ 5.  Moreover, this Court recognized legitimate business reasons for paying hourly rates.  ECF No. 57 at 22, n. 5.  Moreover, ESD asserts it is not common for voluntary surveys to solicit administrative evidence that supports survey responses.  ECF No. 122-1 at 7, ¶ 15.

ORDER DENYING PLAINTIFFS' MOTION TO MODIFY PRELIMINARY INJUNCTION ~ 7

The one inconsistency among the 2021 employer and worker surveys do not render Defendants' methodology in validating the employer survey arbitrary or capricious.  The Court will not substitute its judgment for DOL.  The Court finds the failure to validate the 2021 employer survey with the 2021 worker survey was not arbitrary and capricious.  Based on this record, Plaintiff has not shown that it is likely to succeed on the claims regarding worker survey validation.  At this time, Plaintiffs are dissatisfied with the survey results, but cannot articulate and demonstrate how the survey is arbitrary and capricious.

### 2. *Employer Survey Methodology*

Plaintiffs asserts that they are likely to succeed on the merits of the claim that "other aspects" of DOL's survey methodology are arbitrary, specifically: (1) DOL's voluntary employer survey incentivizes employers to not respond where DOL permits employers to pay the hourly AEWR when no prevailing wage is found, (2) DOL's policy of treating piece rates with hourly guarantees as a separate form of payment from hourly rates "artificially increases the chance that hourly rates will be the most common method of payment", and (3) DOL's refusal to require employers to pay the "general" prevailing wage for a crop when there is no applicable "varietal" prevailing wage, DOL undercuts prevailing wages even when they are found.  ECF No. 120 at 21-24.

DOL asserts that the decreased employer participation argument is

ORDER DENYING PLAINTIFFS' MOTION TO MODIFY PRELIMINARY INJUNCTION ~ 8

1   unavailing for three reasons: (1) decreased participation does not render the results

2   unreliable, (2) the Court already rejected an argument challenging the sample size

3   threshold by the ETA Handbook 385, and (3) the survey is voluntary.  ECF No.

4   121 at 23-25.

5          Moreover, while Plaintiff's call into question the reliability of the employer

6   surveys, nothing makes the worker surveys any more reliable.

7          *3.   Prevailing Wage Policies*

8          Plaintiffs assert they are likely to succeed on the claim that DOL's survey

9   methodology is contrary to 8 U.S.C. § 1188(a)(1) where the current methodology

10  for determining prevailing wages allows access to foreign workers to save

11  "millions in labor costs."  ECF No. 120 at 25-26.  However, the current survey

12  methodology has been improved and Plaintiffs have not shown that it is arbitrary

13  and capricious on this record, nor a likelihood of success.

14  **B. Irreparable Harm**

15         Plaintiffs assert Washington workers will suffer irreparable injury based in

16  part on the Court's prior order which found reduced wages will have a profound

17  and immediate impact on the livelihood of Washington farmworkers, especially

18  where workers have no practical path to collecting lost wages and lack access to

19  legal resources.  ECF No. 120 at 30.

20         A plaintiff seeking injunctive relief must "demonstrate that irreparable injury

ORDER DENYING PLAINTIFFS' MOTION TO MODIFY PRELIMINARY
INJUNCTION ~ 9

1   is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22 (emphasis in

2   original). "Issuing a preliminary injunction based only on a possibility of

3   irreparable harm is inconsistent with [the Supreme Court's] characterization of

4   injunctive relief as an extraordinary remedy that may only be awarded upon a clear

5   showing that the plaintiff is entitled to such relief." *Id.* "Irreparable harm is

6   traditionally defined as harm for which there is no adequate legal remedy, such as

7   an award of damages." *Arizona Dream Act Coalition v. Brewer*, 757 F.3d 1053,

8   1068 (9th Cir. 2014).

9        As the asserted irreparable harm remains the same, the Court previously

10  found that this element was met for the reasons stated in the prior order. ECF No.

11  57. However, the new survey was conducted with this in mind and additional

12  irreparable harm has not been shown to be likely.

13       **C.   Balancing of Equities and Public Interest**

14       As the record does not support a finding that Plaintiffs are likely to succeed

15  on the merits of its claims nor are they likely to suffer irreparable harm, the Court

16  need not address the balancing of equities or public interest. *Herb Reed*

17  *Enterprises, LLC v. Florida Entertainment Management, Inc.*, 736 F.3d 1239, 1251

18  (9th Cir. 2013).

19

20

ORDER DENYING PLAINTIFFS' MOTION TO MODIFY PRELIMINARY
INJUNCTION ~ 10

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Plaintiff's Amended Motion to Modify Preliminary Injunction (ECF No.

    120) is **DENIED**.

2.  Plaintiff's original Motion to Modify Preliminary Injunction (ECF No.

    111) is **DENIED as moot**.

The District Court Executive is directed to enter this Order and furnish

copies to counsel.

DATED November 3, 2022.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFFS' MOTION TO MODIFY PRELIMINARY
INJUNCTION ~ 11